IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA**, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No.: 2013 CV 5910 |
| **TARGET CORPORATION** and **ANGELA BROWN**, | ) ) ) ) | Judge Elaine E. Bucklo |
| Defendants | ) | |

## MOTION FOR FURTHER RELIEF

**NOW COMES** Defendant, **TARGET CORPORATION**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and moves this Honorable Court, pursuant to 28 U.S.C. §2202, for further relief based upon a declaration of rights entered in favor of Target Corporation and against Selective Insurance Company of South Carolina on September 15, 2015 in the above captioned matter. In support of this petition for further relief, Target Corporation states the following:

1. Plaintiff initiated the above captioned declaratory judgment action on or about July 30, 2013. The action was initially filed in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois. On August 19, 2013, this action was properly removed to the U.S. District Court for the Northern District of Illinois, Eastern Division and assigned to the Honorable Elaine E. Bucklo. Dkt. 1.

2.      Selective Insurance Company of South Carolina contended that Target Corporation was not an additional insured on the policy of insurance it issued to its named insured, "Harbor Industries, Inc." for the policy period January 1, 2011 to January 11, 2012, and that the comprehensive general liability insurance policy afforded no insurance coverage to Target Corporation for a lawsuit filed by Angela Brown against Target Corporation wherein she alleged that she sustained personal injuries on December 17, 2011 when a fitting room door supplied by Harbor Industries, Inc. fell and injured Plaintiff.

3.      Target Corporation asserted that it qualified as an additional insured under the aforesaid policy of insurance.

4.      After both Plaintiff and Defendant moved for summary judgment, this Court declared that Selective Insurance Company of South Carolina owed a duty to defend and indemnify Target Corporation, granted Target Corporation's Motion for Summary Judgment and further denied Selective Insurance Company of South Carolina's Motion for Summary Judgment. Dkt. 113.

5.      In defending the underlying lawsuit, Target Corporation incurred attorneys' fees and defense costs and paid a significant amount of money, as did Harbor Industries, Inc., to settle the underlying lawsuit.

6.      Target Corporation incurred ▮▮▮▮▮▮▮ in fees and costs relative to the defense of the underlying action and paid ▮▮▮▮▮▮▮ to settle Plaintiff's claim against it. See attached as **Exhibit 1** the affidavit of Kristin Iskra of Sedgwick Claims Management Services, Inc., the third party administrator for

Target Corporation relative to the defense fees and costs and settlement paid relative to the underlying action.

7. Pursuant to this Court's declaration of rights in favor of Target Corporation and against Selective Insurance Company of South Carolina declaring that Target Corporation was an additional insured on the aforesaid insurance policy, that Selective Insurance Company of South Carolina owed Target Corporation a defense and indemnity, and thus, must reimburse Target Corporation for its defense costs, including attorneys' fees, and the amount it paid to resolve Angela Brown's claim against it, Target Corporation is entitled to damages in the amount of ▇▇▇▇▇▇▇▇.

8. Section 2202 of the Declaratory Judgment Act is an appropriate mechanism for enforcing the Court's declaration and awarding damages to Target Corporation. See, 28 U.S.C. §2202. Section 2202 permits a court to award relief to a defendant who prevails in a declaratory action, as Target Corporation has here. *Starter Corp. v. Converse, Inc.*, 170 F. 3d 286, 298 (2nd Cir. 1999) (courts have invoked § 2202 to award relief to parties "who have won declaratory judgment from the court to enforce that judgment through injunction, damages and other releif.")

9. Further, relief under § 2202 may take the form of equitable or legal relief and may include money damages whether or not demanded in the original action. *Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 25 (2nd. Cir. 1998) (A district court may grant further relief in the form of monetary damages whether or not it had been demanded, or even proved, in

3

the original action for declaratory relief); *Consolidated Paving, Inc. v. The County of Peoria*, 2012 U.S. Dist. Lexis 82656 (N.D. Ill. 2012); *Intervisual Communications, Inc. v. Volkert*, 975 F.Supp. 1092, 1106 (N.D. Ill. 1997).

10. The Declaratory Judgment Act which provides "further necessary or proper relief based on a declaratory judgment or decree may be granted after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202; *Lewitton v. ITA Software, Inc.*, 2010 U.S. Dist. Lexis 126013 (N.D. Ill. 2010). Here, Selective Insurance Company of South Carolina is such a party whose rights have been determined adversely by this Court, and Target Corporation, is therefore, entitled to relief.

11. The Act, thus, permits declaratory judgment to be used as a predicate for further relief in the form of the damages claimed here by Target Corporation. *Powell v. McCormack*, 395 U.S. 486, 499 (1969). Such relief is granted to protect and effectuate the declarations of the court. *McCann v. Kerner*, 436 F.2d 1342, 1343 (7th Cir. 1971).

12. Here, the court has declared the rights of the parties and has determined that Selective Insurance Company of South Carolina is obligated to defend and indemnify Target Corporation pursuant to an insurance policy Selective issued to Harbor Indutries. Target Corporation is entitled to damages in the form of money it expended to defend and settle the underlying action in order to enforce this Court's declaration.

4

**WHEREFORE**, Defendant, **TARGET CORPORATION**, prays that judgment be entered in its favor and against **SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA** in the amount of ███████.

                                    Respectfully submitted,

                                    JOHNSON & BELL, LTD.

                                    By:  /s/Robert M. Burke
                                            One of the Attorneys for Target Corporation

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770